*Decisions will be entered under Rule 50.*

ALICE V. GORDON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103900. Promulgated May 20, 1942.

*Watson Washburn, Esq.*, and *Royal E. Mygatt, Esq.*, for the petitioner.
*Charles D. Leist, Esq.*, for the respondent.

OPINION.

OPPER: A long-standing anomaly in the treatment of real estate losses is only now beginning to be rectified. When the decision in *De Loss* v. *Commissioner* (C. C. A., 2d Cir.), 28 Fed. (2d) 803; certiorari denied, 279 U. S. 840, announced the rule that a parting with title was not the definitive event marking a deductible loss if all value in the property had previously been extinguished, a line of cases had already been instituted, beginning with *A. J. Schwarzler Co.*, 3 B. T. A. 535, applying to real estate losses the rule that a conclusive separation between the owner and title to his property was necessary to justify a loss deduction and that since under the common law real estate could not be abandoned, such a separation would fail of recognition in the absence of a sale. Even in that situation, if there remained a vestige of residual title, as for example an equity of redemption, the loss was allowable only when that residue was finally extinguished. *J. C. Hawkins*, 34 B. T. A. 918; affd. (C. C. A., 5th Cir.), 97 Fed. (2d) 401; *Derby Realty Corporation*, 35 B. T. A. 335; *T. J. Bosquett*, 39 B. T. A. 763.

Further confusion was added by the distinction between an ordinary loss deductible in full and a capital loss, and perhaps in order to mitigate the harshness of the earlier cases relating to real property losses, it became established that a forced sale of real property in a mortgage or tax foreclosure or even a voluntary conveyance brought about by the threat of such proceedings would be considered an ordinary loss. (Where petitioner had personal liability) *C. Griffith Warfield*, 38 B. T. A. 907; *H. L. Rust, Jr.*, 38 B. T. A. 910; *Lloyd Jones*, 39 B. T. A. 531; (where petitioner had no personal liability) *Commissioner* v. *Freihoffer* (C. C. A., 3d Cir.), 102 Fed. (2d) 787, affirming *Sol Greisler*, 37 B. T. A. 542; *Commonwealth, Inc.*, 36 B. T. A. 850. The recent decisions of the Supreme Court tending to characterize the disposition of real property even in a forced proceeding as a capital transaction, *Helvering* v. *Hammel*, 311 U. S. 504; *Electro-Chemical Engraving Co.* v. *Commissioner*, 311 U. S. 513, have been fortified by holdings that in comparable situations the same rule applies to personal property, *Commissioner* v. *Coggan* (C. C. A., 1st Cir.), 119 Fed. (2d) 504; certiorari denied, 314 U. S. 652, and by the legislative acceptance of the principle that a loss of that nature even without an actual sale, is nevertheless a capital transaction and is to be treated accordingly. Revenue Act of 1938, sec. 23 (g) and (k). The reason these provisions were limited not only to personal property but to "securities" is not apparent.[1] Here,

---

[1] See however Revenue Act of 1938, sec. 117 (a) (1).

of course, we are not concerned with the type of loss but only with the year in which it occurred.

At the same time there seems to have been a trend in the direction of restricting the earlier principle that transfer of title to real property was necessary before a loss could be claimed. *Rhodes* v. *Commissioner* (C. C. A., 6th Cir.), 100 Fed. (2d) 966; *W. W. Hoffman*, 40 B. T. A. 459; affd. (C. C. A., 2d Cir.), 117 Fed. (2d) 987; cf. *Denman* v. *Brumback* (C. C. A., 6th Cir.), 58 Fed. (2d) 128. Hence, this seems to us an appropriate occasion for clarifying and confirming the treatment of real estate losses apparently justified by the general tendency of the cases noted. Since the sale or abandonment of property has not been accepted as the event establishing loss, if by a practical test and from the standpoint of reality all value had disappeared in a prior year, cf. *De Loss* v. *Commissioner, supra*, we think the logic of the situation requires that if, in the case of either real or personal property, it can be shown that no value whatever remains, a deduction for loss may then be permitted even though a sale, abandonment, or other irrevocable loss of title is postponed to a later period.

And in determining whether value has actually disappeared, we see no reason to distinguish between real and personal property or to require that in one case any more than in the other the taxpayer be an "incorrigible optimist." *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398. Of course, the necessity of something in the nature of an "identifiable event" may still exist, and in appropriate situations that need may be supplied by a sale or even an "abandonment." But that is not applicable here where there is ample basis for concluding that the present year furnishes developments having a decisive and unfavorable effect upon value, such as the increased expense of operating the property, the necessity of its extensive rehabilitation, the excess of liens over even potential value, and most important of all the expulsion of the tenants and the resulting total vacancy of the building. If the owner of stock who can show that it has become worthless may take a deduction for loss even though he retains ownership of the shares and possession of the certificates and there may be some slight or remote possibility that an indeterminate future may restore a value to them, *De Loss* v. *Commissioner, supra*, it seems to us there is no reason for the application of a different rule to the present question.

Judged by the foregoing considerations, it is clear that in the year 1937 petitioner's interest in the real property under consideration became worthless; that it was then properly deductible as a loss; and that the action by respondent in disallowing it must be disapproved. The extent of petitioner's interest and hence of her loss presents no problem, at least if abandonment is not a prerequisite as respondent in

effect concedes. Petitioner had a remainder after a life estate as well as her undivided interest in fee. The parties have stipulated the proportion of the entire interest which that remainder represented, and we see no reason why petitioner's deduction should not include the value of that future interest as well as of her present share. Her loss was as real in the one case as in the other even though, of course, its amount might be less due to the diminished value of an expectancy as compared with a present interest.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

ARUNDELL, BLACK, LEECH, ARNOLD, and KERN dissent.